UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-14362-CIV-MARRA/LYNCH

SANDS ON THE OCEAN
CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

vs.

QBE INSURANCE CORPORATION,

    Defendant.
_____/

**OPINION AND ORDER**

    This cause is before the Court upon Plaintiff Sands on the Ocean Condominium Association, Inc.'s ("Plaintiff") Motion to Set Aside Stay and Confirm Appraisal Award (DE 43) and Plaintiff's Motion to Strike Exhibit A (Affidavit of Thomas Wareham and other "Evidentiary" Documents) from QBE's Memorandum of Law Regarding Coverage for the Fire Alarm System Upgrades (DE 52). The Court held hearings on these matters on October 20, 2008 and March 5, 2009. The Court has carefully considered the motions and is otherwise fully advised in the premises.

    On December 7, 2005, Plaintiff filed a three-count Complaint for (1) a declaratory judgment that Defendant QBE Insurance Corporation's ("Defendant") is estopped from applying a separate hurricane deductible to Plaintiff's insurance claim; (2) breach of contract for Defendant's alleged failure to provide coverage pursuant to the insurance policy and (3) breach of the implied warranty of good faith and fair dealing. On June 13, 2006, the Court granted Defendant's motion to compel appraisal and stayed the case pending the appraisal process (DE

32).

The appraisal resulted in an award for Plaintiff in the total amount of $1,937,989.53. (Appraisal Award, Ex. A, attached to DE 43.)  The award states as follows:

> NOTE: No attempt by the appraisers have (sic) been made regarding the interpretation of the Insurance Company Policy with Sands on the Ocean at the time of the claim. This appraisal award shall be valid and binding upon all parties concerned in that the decision made is unanimous, as evidenced by the signatures below.  This award is made without any consideration of the deductible amount or prior payments issued to the insured or any terms, conditions, provisions or exclusions of the above policy.

In the summary of costs, the award identified several "major items" and noted that the "major items" totaled $1,126,000.00.  One of the "major items" is the "Fire Alarm System (Simplex)."  With respect to that item, the award states:

> It is the professional opinion of all appraisers that the existing fire alarm panel could not be replaced in kind.  The replacement alarm panel, however, has an advantage since it also replaces two additional panels which would have had to be rehabilated [sic] had the equipment to replace been available.  The new panel, however, is electronic and requires a complete updating of equipment and hence the additional work had to be installed in accordance with the latest code requirements of St. Lucie County which resulted in an additional cost of $85,000.00.

The Court has examined the affidavits of two of the appraisers, George Petrocelli and Thomas Wareham, and has considered their testimony elicited at the hearing with respect to the fire alarm award.

Plaintiff now moves for the lifting of the stay and confirmation of the appraisal award. Defendant does not oppose lifting the stay, but states that the award of the appraisers must be reduced by a hurricane deductible of $253,543.00, advance payments of $650,000.00 and $102,850.00 for additional costs to bring the fire alarm system up to current code requirements

2

but which exceeded the policy limit for code upgrades of $10,000.00.[1]  (DE 44 at 2.)  Moreover, Defendant objects to confirming the award and states that it will timely tender payment to Plaintiff in the amount of $931,596.53.  In reply, Plaintiff contends that it is entitled to the total amount awarded by the appraisers, the hurricane deductible is void under Florida law, and that it has not received payment from Defendant for the amount of damages awarded by the appraisers. (DE 46 at 2.)  Subsequently, Defendant informed the Court that it paid Plaintiff $931,596.53. (DE 51 at 2.)

Turning first to the issue of the confirmation of the appraisal, it is significant that Plaintiff needed to file suit to obtain payment for its loss. Once the suit was filed, Defendant, not Plaintiff, sought appraisal and Defendant did not pay any of the amount awarded by the appraisers until after Plaintiff filed the motion to confirm appraisal.  Based on these facts, the Court concludes that confirmation of the appraisal is appropriate. See Wilson v. Federal National Ins. Co., 969 So. 2d 1133, 1134-35 (Fla. Dist. Ct. App. 2007) (confirmation of appraisal appropriate when insured was forced to file lawsuit and insurer did not pay appraisal award until insured's motion for partial final judgment was heard); see also First Floridian Auto & Home Ins. Co. v. Myrick, 969 So. 2d 1121, 1123-24 (Fla. Dist. Ct. App. 2007) (insured awarded attorney fees after confirmation of appraisal award when insured filed suit which was stayed pending appraisal process and appraisal resulted in award for insured); Travelers Indemnity Ins. Co. of Illinois v. Meadows MRI, LLP, 900 So. 2d 676, 678-79 (Fla. Dist. Ct.  App. 2005) (affirming judgment awarding attorney's fees and costs in connection with confirmation of appraisal when

---

[1] Defendant states the total cost for the "Fire Alarm System (Simplex)"is $102,850.00, which includes the $85,000.00 plus ten percent overhead and ten percent profit included in the award.  Plaintiff does not contest this representation.

suit was filed before payment made and insured retained attorney). The Court rejects Defendant's reliance on Federated National Ins. Co. v. Esposito, 937 So. 2d 199 (Fla. Dist. Ct. App. 2006). In that case, the insured invoked the appraisal process and the insurer paid the appraisal award in full. It was after the insurer paid the award in full that the insured sought confirmation of the appraisal award . Id. at 200. As a result, the Esposito court did not confirm the appraisal award. Clearly, the facts of Esposito are markedly different from the facts in the instant case.[2]

However, the Court disagrees with Plaintiff that the Court should confirm the appraisal award without addressing issues regarding coverage and the hurricane deductible. Plaintiff contends that once an appraisal award has been rendered, the only defense available for Defendant is lack of coverage for the entire claim or violation of one of the standard policy conditions, such as fraud or lack of notice. (DE 46 at 4.)  In making that argument, Plaintiff relies on Third Palms Pointe, Inc. v. State Farm Fire & Cas. Co., 362 F.3d 1317 (11th Cir. 2004). In that case, the insurer sought to challenge the portion of the appraisal award that dealt with covering the costs of temporarily relocating the residents while the property was undergoing structural repairs. Third Palms cited to State Farm Fire & Casualty Co. v. Licea, 685 So. 2d 1285 (Fla. 1996) for the holding that "if an insurer and an insured party go to appraisal, the insurer can only dispute coverage for the 'loss as a whole.'" Third Palms, 362 F.3d at 1319. The Court finds that Third Palms is of limited use based on the disclaimer expressly included in the appraisal

---

[2] Defendant argues that because the appraisal process is not an arbitration, confirmation of the award is unnecessary. (DE 44 at 3.) Although appraisal and arbitration are separate processes, that fact does not alter the right to confirmation of an appraisal award as set forth in the cases cited supra.

award by the appraisers. In this case, the clear language states that the award was "made without any consideration of the deductible amount or prior payments issued to the insured or any terms, conditions, provisions or exclusions" of the insurance policy and that "no attempt by the appraisers have been made regarding the interpretation" of the policy. Thus, the award reflects the agreement of the appraisers as to the amount owed to Plaintiff based on the evidence of property damage before them. It does not reflect the amount owed to Plaintiff under the policy. As such, Three Palms does not speak to this particular type of appraisal award.

Furthermore, in Liberty American Ins. Co. v. Kennedy, 890 So. 2d 539 (Fla. Dist. Ct. App. 2005), the court stated that Third Palms misinterpreted Licea, relying improperly on dicta. Kennedy held instead that "the submission of [a] claim to appraisal does not foreclose . . . challenging an element of loss as not being covered by the policy." Kennedy, 890 So. 2d at 541-42. Given the holding of Kennedy, in conjunction with the language in this appraisal award, the Court finds that Defendant is entitled to challenge coverage as to portions of the appraisal award.[3]

With that in mind, the Court turns its attention to resolving the fire alarm issue. Defendant asserts that the cost to bring the fire alarm system up to code triggers the policy provision for ordinance and law coverage, which provides for maximum coverage in the amount

---

[3] At the March 5, 2009 hearing, Plaintiff argued that Kennedy had no precedential value because the Florida Supreme Court had denied certiorari review. The Court's search does not indicate this subsequent history. Nonetheless, even if review had been denied by the Florida Supreme Court, that would not support Plaintiff's position that the denial of review eliminates the precedential value of the lower court's opinion. Denial of review is not a decision on the merits of the lower court's opinion. Furthermore, the cases relied upon by Plaintiff state merely that the denial of review should not be construed as a decision on the merits by the Florida Supreme Court. See Maddox v. State of Florida, 862 So. 2d 783, 785 n.1 (Fla. 2003); Shaps v. Provident Life & Accident Ins. Co., 826 So. 2d 250, 253 (Fla. 2002).

of $10,000.00.[4]  In contrast, Plaintiff contends that the $85,000.00 was for a fire alarm panel that "substantially duplicated" the original because it was impossible for Plaintiff to obtain materials of like kind and quality to rebuild. (DE 46 at 4 n.3.)  The relevant policy language is found in section (G)(3):

---

[4] The relevant provisions for ordinance and law coverage are as follows:

Causes of Loss – Wind Form
Exclusions
1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
a. Ordinance or law
The enforcement of any ordinance or law:
1. Regulating the construction, use or repair of any property; or
2. Requiring the tearing down of any property including the cost of removing its debris.
This exclusion, Ordinance or Law, applies whether the loss results from:
1. An ordinance or law that is enforced even if the property has not been damaged; or
2. The increased costs incurred to comply with an ordinance or law in the course of construction, repair, renovation, remodeling or demolition of property, or removal of its debris, following a physical loss to that property.

Condominium Association Coverage Form
A. Coverage
4. Additional Coverages
e. Increased Cost of Construction
  (1) This Additional Coverage applies only to buildings to which the Replacement Cost Optional Coverage applies.
  (2) In the event of damage by a Covered Cause of Loss to a building that is Covered Property, we will pay the increased costs incurred to comply with enforcement of an ordinance or law in the course of repair, rebuilding or replacement of damaged parts of that property, subject to the limitations stated in e.(3) through e.(9) of this Additional Coverage.
. . .
  (6) The most we will pay under this Additional Coverage, for each described building insured under this Coverage Form, is $10,000.00 or 5% of the Limit of Insurance applicable to that building, whichever is less.

6

      (e) We will not pay more for loss or damage on a replacement cost basis than the least of (1), (2) or (3), subject to f. below:

        (1)      The Limit of Insurance applicable to the lost or damaged property;
        (2)      The cost to replace the lost or damaged property with other property:
            (a) Of comparable material and quality;
            and
            (b) Used for the same purpose; or
        (3)      The amount actually spent that is necessary to repair or replace the lost or damaged property.

. . .

(f) The cost of repair or replacement does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property.

After conducting the evidentiary hearing, the Court has concluded that the $85,000.00 for "Fire Alarm System (Simplex)" reflects the cost of the additional work required to ensure that the fire alarm system met the code requirements of St. Lucie County.[5] See State Farm Fire and Cas. Co. v. Metropolitan Dade County, 639 So. 2d 63, 65 (Fla. Dist. Ct. App. 1994) (ordinance or law coverage applies to increased costs associated with building codes). The policy language unequivocally provides that repairs due to code requirements do not fall under the replacement cost provision.[6] Therefore, the Court finds that Defendant is entitled to reduce the award for "Fire Alarm System (Simplex)" to $10,000.00.

With respect to Plaintiff's argument that the hurricane deductible failed to comply with Florida Statutes § 627.701, the Court notes that the Eleventh Circuit recently certified this

---

[5] The $84,000.00 identified as "fire alarm and sprinklers" reflects the agreed cost for system repairs to bring the fire alarm system back to its pre-loss condition.

[6] Plaintiff cites to a 1946 Pennsylvania Supreme Court case, Metz v. Travelers Fire Ins. Co., 49 A.2d 711 (Pa. 1946) in support. That case is not binding on the Court. In any event, the policy language highlighted in Metz does not include an ordinance or law provision.

7

question to the Florida Supreme Court.  Chalfonte Condominium Apartment Assoc., Inc. v. QBE Ins. Corp., — F.3d —, 2009 WL 580775 (11th Cir. Mar. 9, 2009).  As such, the Court will not render a ruling on this issue prior to the Florida Supreme Court issuing its order.

Lastly, the Court denies Plaintiff's Motion to Strike the Affidavit of Thomas Wareham. The basis for this request is Plaintiff's contention that the parties cannot litigate items in the appraisal award. However, as discussed supra, the Court has rejected this argument.  To the extent that Plaintiff claims that it has not been "afforded the same opportunity" as Defendant to dispute individual items in the appraisal award, the Court rejects this argument as well. (DE 52 at 3.)  Plaintiff was not precluded from raising such issues in the instant motion and could have chosen to raise those issues in the alternative.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Set Aside Stay and Confirm Appraisal Award (DE 43) is **denied without prejudice**. Plaintiff may renew its request for confirmation once the Florida Supreme Court issues its decision in Chalfonte.

2. Plaintiff's Motion to Strike Exhibit A (Affidavit of Thomas Wareham and other "Evidentiary" Documents) from QBE's Memorandum of Law Regarding Coverage for the Fire Alarm System Upgrades (DE 52) is **denied**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 23rd day of March, 2009

_____
KENNETH A. MARRA
United States District Judge