UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-14362-CIV-MARRA/LYNCH

SANDS ON THE OCEAN
CONDOMINIUM ASSOCIATION, INC.,

Plaintiff,

vs.

QBE INSURANCE CORPORATION,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiff Sands on the Ocean Condominium Association, Inc.'s ("Plaintiff") Motion for Relief from March 24, 2009 Order (DE 64). The Court has carefully considered the motion and is otherwise fully advised in the premises.

On March 24, 2009, the Court issued an Opinion and Order which, among other things, concluded that confirmation of the appraisal was appropriate and that Defendant QBE Insurance Corporation ("Defendant") was entitled to challenge coverage as to portions of the appraisal award. (DE 63.)   In making that determination, the Court relied upon Liberty American Ins. Co. v. Kennedy, 890 So. 2d 539 (Fla. Dist. Ct. App. 2005).

Plaintiff now moves for reconsideration pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure based on the recent *per curiam* decision in Citizens Property Insurance Corp. v. Pino-Santoro, 10 So. 3d 1128 (Fla. Dist. Ct. App. 2009).  That decision states "Affirmed. See State Farm Fire & Casualty Co. v. Licea, 685 So. 2d 1285 (Fla. 1996)."  Plaintiff attaches a copy of the Final Judgment of the trial court, which confirmed the appraisal awards in their entirety.

(Ex. A, attached to DE 64.)  Plaintiff also attaches the briefs of the parties and argues that the trial court, and therefore the appellate court, rejected the insurer's argument that it was entitled to contest portions of the appraisal awards.  (Exs. B, C, and D, attached to DE 64.)

In reviewing a motion to reconsider, the Court "will not alter a prior decision absent a showing of 'clear and obvious error' where 'the interests of justice' demand correction." Prudential Securities, Inc. v. Emerson, 919 F. Supp. 415, 417 (M.D. Fla. 1996) quoting American Home Assurance, Co. v. Glenn Estess & Assoc. Inc., 763 F.2d 1237, 1239 n.2 (11th Cir. 1985). Courts generally limit reconsideration of earlier rulings to situations where the controlling law has changed, new evidence is available, or manifest injustice or clear error must be prevented. Williams v. Cruise Ships Catering and Service International, 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004).  Finally, "reconsideration of a previous order is 'an extraordinary remedy, to be employed sparingly.'" Mannings v. School Bd. of Hillsborough County, 149 F.R.D. 235 (M.D. Fla. 1993).

The Florida Supreme Court has stated that a *per curiam* appellate decision with no written opinion has no precedential value.  Department of Legal Affairs v. District Court of Appeal, 434 So. 2d 310, 311 (Fla. Dist. Ct. App. 1983).  Put another way, a *per curiam* appellate court decision with no written opinion establishes no point of law and creates no presumption that an affirmance was on the merits.  Schooley v. Judd, 149 So. 2d 587, 590 (Fla. Dist. Ct. App. 1963), judgment rev'd on other grounds, 158 So. 2d 514 (Fla. 1963); St. Fort v. Post, Buckley, Schuh & Jernigan, 902 So. 2d 244, 249 (Fla. Dist. Ct. App. 2005) (*per curiam* decision has no relevance and is properly excluded from a brief or oral argument); TRW Automotive U.S. LLC v. Papandopoles, 949 So. 2d 297, 300 (Fla. Dist. Ct. App. 2007) *(per curiam* affirmance has no

precedential value).

Based on the foregoing, the Court finds that Plaintiff has not met the standard for reconsideration. Although Plaintiff argues that recent Florida law mandates that this Court reconsider its ruling, the case upon which Plaintiff relies has no precedential value. Clearly, then, the situation presented is not one where the controlling law has changed. Therefore, Plaintiff has failed to demonstrate a manifest injustice demanding correction. Degirmenci v. Sapphire-Fort Lauderdale, LLLP, 642 F. Supp. 2d 1344, 1353 (S.D. Fla. 2009) (the need to correct clear error or prevent manifest injustice is a ground for granting motion for reconsideration).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Relief from March 24, 2009 Order (DE 64) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 17th day of March, 2010.

_____
KENNETH A. MARRA
United States District Judge