UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-14362-CIV-MARRA

SANDS ON THE OCEAN
CONDOMINIUM ASSOCIATION, INC.,

Plaintiff,

vs.

QBE INSURANCE CORPORATION,

Defendant.
_____/

**OPINION AND ORDER**[1]

This cause is before the Court upon Plaintiff's Brief on Issues Remaining to be Adjudicated by the Court, Renewed Motion for Confirmation of Appraisal Award, Motion for Entry of Final Judgment, Motion to Determine Entitlement to an Award of Attorney's Fees, Costs and Prejudgment Interest (DE 84). Defendant has filed a response to the motion (DE 86). No reply memorandum was filed. The Court has carefully considered the motion and response and is otherwise fully advised in the premises.

I. Background

Plaintiff, a condominium association, sustained damage due to Hurricane Frances on September 4, 2004. (Compl. ¶¶ 3, 7, DE 1.) After the hurricane, Defendant inspected the property and advanced approximately $650,000.00, although Plaintiff sought 2.7 million dollars. (Compl. ¶ 8; June 14, 2006 Order granting motion to compel appraisal, DE 32 at 1 n.1.) In July of 2005, Defendant's independent adjuster concluded that Plaintiff's claim was excessive. (Id. at

---

[1] The Court presumes familiarity with its prior Orders.

2.) Plaintiff submitted a revised claim package in September of 2005, after Hurricane Katrina and prior to Hurricane Wilma. (Id.)  Defendant's independent adjuster advised Plaintiff that it was difficult to review and evaluate the revised claim in light of the 2005 hurricanes. (Id.) On December 8, 2005, Plaintiff filed a Complaint for declaratory judgment, breach of contract and breach of implied warranty of good faith and fair dealing. (Compl. ¶¶ 11-36.)

On April 13, 2006, Defendant filed a motion to compel appraisal of loss and motion to dismiss or abate action. (DE 15.)  In response, Plaintiff submitted evidence that Defendant made no efforts to investigate or adjust its insurance claim since September of 2005. (DE 32 at 2.)  The Court entered an Order granting the motion to compel appraisal, granting the motion to abate, and staying the case pending the conclusion of the appraisal process.  (DE 32.)  The appraisal resulted in an award for Plaintiff in the total amount of $1,937,989.53.  However, the amount of the appraisal award did reflect the amount of the deductible that needed to be paid by Plaintiff, prior payments made by Defendant under the policy and the terms of the policy that might otherwise reduce the amount of the damages to which Plaintiff was entitled.  Plaintiff subsequently moved to lift the stay and confirm the appraisal award. (DE 43.)  Thereafter, Defendant paid Plaintiff $931,596.53.  This amount stemmed from a reduction of the appraisal award by: 1) $253,543.00 for the hurricane deductible; 2) advance payments previously made to Plaintiff under the policy and 3) the additional costs for the fire alarm system beyond the ordinance and code provision of the policy. (DE 51.)  The Court held that confirmation of the appraisal was appropriate and that Defendant was entitled to reduce the award for the "Fire Alarm System (Simplex)" to $10,000.00.  In addition, the Court noted it could not rule on whether the hurricane deductible failed to comply with Florida Statutes § 627.701 until the

Florida Supreme Court issued a ruling in Chalfonte Condominium Apartment Assoc., Inc. v. QBE Ins. Corp..[2]  As a result, the Court denied, without prejudice, Plaintiff's motion for confirmation until the Florida Supreme Court issued its ruling. (DE 63.)

Plaintiff now seeks to confirm the appraisal award, enter final judgment, obtain an award of attorney's fees pursuant to Florida Statute § 627.428, costs pursuant to 28 U.S.C. § 1920, and prejudgment interest from the date of the loss.  In response, Defendant claims that it timely paid the award and therefore confirmation of the appraisal award and entry of final judgment should not be used for the purpose of awarding attorney's fees.  In addition, Defendant claims that the chronology of the events and the insurer's pre-suit conduct does not entitle Plaintiff to attorney's fees. Moreover, Defendant contends that because the policy allowed Defendant to pay the appraisal award within 30 days and Defendant did so, Plaintiff is not entitled to prejudgment interest. Lastly, Defendant claims that Plaintiff has no entitlement to costs under the policy.

II.  Discussion

First, the Court rejects Defendant's request that it not confirm the appraisal award. Defendant is essentially seeking reconsideration of the Court's March 24, 2009 Order (DE 63), which held that confirmation of the appraisal award is appropriate.  Significantly, Defendant waited over three years to challenge the Court's Order and it has failed to set forth any grounds for doing so.  See Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990) (denial of a motion for reconsideration is "especially soundly exercised when the party has failed to articulate any reason for the failure to raise an issue at an earlier stage in the litigation").

---

[2] Based on the ruling by the Florida Supreme Court, the hurricane deductible in the insurance contract is not void under Florida law.  See Chalfonte Condominium Apt. Assoc., Inc. v. QBE Insur. Co., 695 F.3d 1215, 1218 (11th Cir. 2012).

Because confirmation of the award is appropriate, it is equally appropriate to enter final judgment for Plaintiff. See Wilson v. Federated Nat. Ins. Co., 969 So. 2d 1133, 1134 (Fla. Dist. Ct. App. 2007); Muckenfuss v. Hanover Ins. Co., No. 5:05-cv-261-Oc-10GRJ, 2007 WL 1174098, at * 4 (M.D. Fla. Apr. 18, 2007).  Upon entry of final judgment, Florida Statute § 627.428 provides for attorney's fees "to place the insured . . . in the place she would have been if the carrier had seasonably paid the claim or benefits without causing the payee to engage counsel and incur obligations for attorney's fees." Lewis v. Universal Prop. and Cas. Ins. Co., 13 So. 3d 1079, 1081 (Fla. Dist. Ct. App. 2009) (quoting Travelers Indem. Ins. Co. of Ill. v. Meadows MRI, LLP, 900 So.2d 676, 679 (Fla. Dist. Ct. App. 2005)).[3]  "[A] trial court has no discretion to deny reasonable attorney's fee to the prevailing plaintiff where the insurance company first disputes the claim and then settles the case after a lawsuit is filed." Amador v. Latin American Property and Casualty Insurance Company, 552 So. 2d 1132, 1133 (Fla. Dist. Ct. App. 1989); Losicco v. Aetna Casualty & Surety Company, 588 So. 2d 681, 682 (Fla. Dist. Ct. App. 1991). Courts, however, have refused to award attorney's fees when the insured immediately files a lawsuit, instead of permitting the appraisal process to determine the outcome of the dispute.  See Travelers of Fl. v. Stormont, 43 So. 3d 941 (Fla. Dist. Ct. App. 2010) (denying attorney's fees when the insurer demanded appraisal and insured refused to respond to

---

[3] Notably, Florida law also allows an award of attorney's fees, even if there is no entry of final judgment or confirmation, when the insurer makes a payment after a lawsuit was filed because the payment operates as a confession of judgment. See Ivey v. Allstate Ins. Co., 774 So. 2d 679, 684 (Fla. 2000); but see Tristar Lodging v. Arch Speciality Ins. Co., 434 F. Supp. 2d 1286, 1298 (M.D. Fla. 2006) ("While Florida law does hold that payments are treated as confessions of judgment where an insurer first disputes the claim and then settles, the existence of a bona fide dispute and not the mere possibility of a dispute, is a crucial condition precedent to such a holding.").

insurer's written correspondence and instead filed suit). Based on the foregoing, the Court finds that Plaintiff, as the prevailing party, is entitled to attorney's fees.

Defendant, however, contends that Plaintiff is not entitled to recover attorney's fees. In support, Defendant points to its own pre-suit conduct as well as Plaintiff's pursuit of claims for which it was not a prevailing party. These arguments, however, are best raised when the Court examines the underlying attorney's fee record to determine a reasonable fee to award Plaintiff. See Davis v. Fletcher, 598 F.2d 469, 470 (5th Cir.1979)[4] (the determination of what constitutes a reasonable fee is left to the sound discretion of the district court and will not be reversed absent abuse of discretion.)

Next, the Court will address whether Plaintiff is entitled to recover prejudgment interest. Under Florida law, courts must look to the contract of insurance to "determine the date from which coverage payment is due, as well as when interest is due on the amounts payable." Ellie's 50'S Diner, Inc. v. Citizens Prop. Ins. Corp., 54 So. 3d 1081 (Fla. Dist. Ct. App. 2011); see also Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Assoc., 117 F.3d 1328, 1341-42 (11th Cir.1997) (holding that prejudgment interest should accrue from date payment became due under policy, not from the date of loss). According to Defendant, and not disputed by Plaintiff, the policy at issue here required Defendant to pay the covered loss or damages, within 30 days after receiving the sworn proof of loss and the filing of the appraisal award.[5]

---

[4] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[5] Defendant does not provide a citation to this provision of the policy.

Plaintiff, however, claims that Defendant did not pay the entire amount of the appraisal award within those thirty days and therefore Plaintiff is entitled to prejudgment interest from the date of loss.  It appears that Plaintiff is claiming that because Defendant deducted the hurricane deductible, prior payments and the fire alarm code upgrades from the appraisal award, Defendant failed to pay the entire amount of the appraisal award.  The Court disagrees.  Indeed, the appraisal award explicitly stated that it was made "without any consideration of any deductible amount or prior payments issued to the insured or any terms, conditions, provisions or exclusions of the . . . policy."  (Appraisal Award, Ex. A, DE 43-1.)  Therefore, Defendant paid the entire amount minus the appropriate deductions.

Plaintiff, however, relies upon a line of cases stemming from Independent Fire Ins. Co. v. Lugassy, 593 So. 2d 570 (Fla. Dist. Ct. App. 1992), which found an exception to the general rule that the terms of the policy govern with respect to an award of prejudgment interest.  Specifically, this line of cases has held that prejudgment interest should be calculated from the date of the loss when the insurer denied liability for loss under the policy. Id. at 572; see also Underwriters Ins. Co. v. Kirkland, 490 So. 2d 149, 153-54 (Fla. Dist. Ct. App. 1986) (holding that prejudgment interest should be calculated from date of loss because no sworn proof of loss needed to be submitted due to the fact that the insured property was completely destroyed by fire).  In other words, this exception permits the insurance company to be liable for prejudgment interest either from the date the loss occurred or the date the insurance company was put on notice of the loss.  Chalfonte Condominium Apartment Ass'n, Inc. v. QBE Ins. Corp., 526 F. Supp. 2d 1251, 1262 (S.D. Fla. 2007).   However, as discussed in the 2007 Chalfonte district court case, the exception set forth in the Lugassy line of cases "appears to no longer be good law"

and, as observed by the Eleventh Circuit, Lugassy itself may have been "implicitly overruled" by the Florida Supreme Court.  Id. (citing Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Assoc., 117 F.3d 1328, 1341 (11th Cir.1997); Lumbermens Mut. Cas. Co. v. Percefull, 638 So.2d 1026 (Fla. Dist. Ct. App.1994); Lumbermens Mut. Cas. Co. v. Percefull, 653 So.2d 389 (Fla.1995);  Ocean Harbour South Condominium Assoc. Inc. v. Empire Indemnity Ins. Co., No. 05-14235-CIV, 2007 WL 1059577, at *1 (S.D. Fla.2007) (discussing the fact that Lugassy was implicitly overruled by a subsequent line of cases)).

Significantly, a recent case by the Fourth District  Court of Appeal of Florida held that when an insurer "timely paid the claim pursuant to the appraisal process after first having paid the insured an amount less than what was awarded," the insured was not entitled to recover prejudgment interest.  Green v. Citizens Prop. Ins. Corp., 59 So. 3d 1227, 1228 (Fla. Dist. Ct. App. 2011); see American Reliance Ins. Co. v. Devecht, 820 So. 2d 378, 379 (Fla. Dist. Ct. App. 2002) (prejudgment interest may be awarded from the date of the appraisal award unless policy provisions allow the insurer to pay the award within a certain period, and payment was made within the allotted time); see also Buckley Tower Condo., Inc. v. QBE Ins. Corp., 395 F. App'x 659, 665 (11th Cir. 2010) (prejudgment interest is governed by the insurance contract and because none of those conditions were satisfied until final judgment, the insured was not entitled to prejudgment interest).  For these reasons, the Court finds Plaintiff is not entitled to prejudgment interest.

Lastly, the Court finds that Plaintiff, as a prevailing party, is entitled to costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure ("Rule 54), with the amount to be determined.  Fed. R. Civ. P. 54(d)(1); see Gilchrist v. Bolger, 733 F.2d 1551, 1556-57 (11th

Cir.1984). The Court rejects Defendant's argument that because the insurance policy provides that each party will pay its chosen appraisal and bear the appraisal costs, Plaintiff is not entitled to a taxation of costs pursuant to Rule 54(d). Should Plaintiff submit documentation for costs of items not recoverable pursuant to Rule 54(d), Defendant may raise this argument. However, the governing provision for taxation of costs is not the insurance policy, but Rule 54(d) and 28 U.S.C. § 1920.

III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) The Renewed Motion for Confirmation of Appraisal Award, Motion for Entry of Final Judgment, Motion to Determine Entitlement to An Award of Attorney's Fees, Costs and Prejudgment Interest (DE 84) is **GRANTED IN PART AND DENIED IN PART.**

2) The appraisal is confirmed. **Plaintiff shall file a proposed judgment within 14 days of the date of entry of this Order.** No prejudgment interest shall be awarded.

3) Plaintiff is entitled to attorney's fees and costs. **Plaintiff shall file its brief in support of fees and costs within 14 days of the date of entry of this Order**.

4) The Clerk shall **close** this case and all pending motions are **denied as moot.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 13th day of December, 2012.

_____
KENNETH A. MARRA
United States District Judge